Hendric **LEENARDO**; Melanie Siswanli; Sigit Suciptoyono; Gayatri Kusuma Wardani; Anton Gunadi; Lailawati Gunadi; Francois Parent; Danielle Dupont; Eva Van Schijndel, individually and as successor in interest and heir of Joannes Van Schijndel, deceased, and as personal representative of the estate of Johannes Van Schijndel, deceased; Laura Van Schijndel, a minor, and succes-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sor in interest and heir of Johannes Van Schijndel, deceased, by and through her Guardian, Eva Van Schijndel; Lucas Van Schijndel, a minor, and successor in interest and heir of Johannes Van Schijndel, deceased, by and through his Guardian, Eva Van Schijndel; Sopia Van Schijndel, a minor, and successor in interest and heir of Johannes Van Schijndel, by and through her Guardian, Eva Van Schijndel; Low Nguan Noi, individually, and as successor in interest and heir of Yue Ying Chuan, deceased, and as personal representative of the estate of Yue Ying Chuan, deceased; Ellis Yue Farn Jye, individually and as successor in interest and heir of Yue Ying Chuan, deceased; Eric Yue Farn Jun, a minor, and successor in interest and heir of Yue Ying Chuan, deceased, by and through his Guardian, Low Nguan Noi; Evan Yue Farn Sheng, a minor, and successor in interest and heir of Yue Ying Chuan, deceased, by and through his Guardian, Low Nguan Noi; Elena Yue Siau Chi, a minor, and successor in interest and heir of Yue Ying Chuan, deceased, by and through her Guardian, Low Nguan Noi; Ang Ming Chuang; Tan Seow Meng; NG Siok Chin; Elaine Tan Wheé Ling; Chok Fook Chiong; Fen–Kiok Man, as personal representative of the estate of Yong Fen Min, deceased; Yong Yi Keong, a minor, and successor in interest and heir of Yong Fen Min, deceased, by and through his Guardian, Fen–Kiok Man; Yong Yi Ning, a minor, and successor in interest and heir of Yong Fen Min, deceased, by and through her Guardian, Fen–Kiok Man Fen–Kiok Man, as personal representative of the estate of Lee Nyuk Ha, deceased; Yong Yi Keong, a minor, and successor in interest and heir of Lee Nyuk Ha, deceased, by and through his Guardian, Fen–Kiok Man; Yong Yi Ning, a minor, and successor in interest and heir of Lee Nyu Ha, deceased, by and through her Guardian, Fen–Kiok Man; Gerd O. Danner, individually, and as successor in interest and heir of Loida Danner, deceased, and as personal representative of the estate of Loida Danner, deceased; Jeaneth Danner, a minor, and successor in interest and heir of Loida Danner, deceased, by and through her guardian, Gerd O. Danner; Janina ·Danner, a minor, and successor in interest and heir of Loida Danner, deceased, by and through her Guardian, Gerd O. Danner; Lai Chew Yen, Plaintiffs—Appellants,

v.

SINGAPORE AIRLINES LIMITED, a corporation; United Air Lines; UAL Corporation, a corporation, dba Star Alliance; Star Alliance, a business entity; Boeing Company; Goodrich Corporation, fka B.F. Goodrich Company, Defendants,

and

Eva Airways Corporation, Defendant—Appellee.

Hendric Leenardo; Melanie Siswanli; Sigit Suciptoyono; Gayatri Kusuma Wardani; Anton Gunadi; Lailawati Gunadi; Fen–Kiok Man, as personal representative of the estate of Yong Fen Min, deceased; Yong Yi Keong, a minor, and successor in interest and

heir of Yong Fen Min, deceased, by and through his Guardian, Fen–Kiok Man; Yong Yi Ning, a minor, and successor in interest and heir of Yong Fen Min, deceased, by and through her Guardian, Fen–Kio Man; Fen–Kiok Man, as personal representative of the estate of Lee Nyuk Ha, deceased; Yong Yi Keong, a minor, and successor in interest and heir of Lee Nyuk Ha, deceased, by and through his Guardian, Fen–Kiok Man; Yong Yi Ning, a minor, and successor in interest and heir of Lee Nyuk Ha, deceased, by and through her Guardian, Fen–Kiok Man; Gerd O. Danner, individually, and as successor in interest and heir of Loida Danner, deceased, and as personal representative of the estate of Loida Danner, deceased; Jeaneth Danner, a minor, and successor in interest and heir of Loida Danner, deceased, by and through her Guardian, Gerd O. Danner; Janina Danner, a minor, and successor in interest and heir of Loida Danner, deceased, by and through her Guardian, Gerd O. Danner; Lai Chew Yen, Plaintiffs—Appellants,

v.

Singapore Airlines Limited, a corporation, Defendant— Appellee,

and

United Air Lines; UAL Corporation, a corporation, dba Star Alliance; Star Alliance, a business entity; Boeing Company; Goodrich Corporation, fka B.F. Goodrich Company; Eva Airways Corporation, Defendants.

In re: Air Crash At Taipei, Taiwan on October 31, 2000,

Estate of Pramod Poddar, by and through its Successor in Interest, Sangeeta Poddar; Sangeeta Poddar, individually; Gaurav Poddar; Ankit Poddar, by and through their Guardian Ad Litem, Sangeeta Poddar, Plaintiffs—Appellants,

v.

Singapore Airlines Inc., dba Singapore Airlines Ltd., Defendant— Appellee,

and

Boeing Company, a corporation; B.F. Goodrich Inc., a corporation esa Goodrich Corporation; Eva Airlines Corporation, a corporation; Chiang Kai–Shek International Airport, Defendants.

Nos. 03–55722, 03–55723, 04–56379.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided July 27, 2005.

Kevin R. Boyle, Esq., Greene, Broillet, Panish & Wheeler LLP, Santa Monica, CA, Floyd A. Wisner, Donald J. Nolan, Nolan Law Group, Chicago, IL, Kevin M. McGuire, Manly & McGuire, Costa Mesa, CA, Kevin R. Boyle, Esq., for Plaintiffs— Appellants.

J. Michael Crowe, Esq., Crowe & Rogan LLP, Santa Monica, CA, Stephen R. Ginger, Esq., Frank A. Silane, Esq., Condon and Forsyth LLP, Los Angeles, CA, Richard G. Grotch, Esq., Coddington, Hicks & Danforth, Redwood City, CA, for Defendants—Appellees.

Before: REINHARDT, KOZINSKI and BERZON, Circuit Judges.

MEMORANDUM *

1. The district court did not err in finding that India, Indonesia and Malaysia are High Contracting Parties to the Warsaw Convention.[1] The United States Department of State has taken the position that these countries were High Contracting Parties on the date of the accident. *See* U.S. Dep't of State, Treaties in Force 12—13 (2000). We defer to the Executive Branch's interpretation of a multilateral treaty. *See Mingtai Fire & Marine Ins. Co. v. United Parcel Service*, 177 F.3d 1142, 1145 (9th Cir.1999); *Then v. Melendez*, 92 F.3d 851, 854 (9th Cir.1996). Moreover, the evidence submitted by the defendants overwhelmingly supports the district court's finding that India, Indonesia and Malaysia are High Contracting Parties.

2. Because each plaintiff's final destination country was a High Contracting Party, plaintiffs are subject to the Convention's jurisdictional limitations. *See* Warsaw Convention arts. 1(2), 28(1). Under the Convention, an action for damages against Singapore Airlines may be brought only before a court having jurisdiction where Singapore Airlines is domiciled or has its principal place of business, where the contract for international carriage was made or at plaintiff's final destination. *Id.* art. 28(1). Because the United States is not one of these locations, the district court did not err in dismissing plaintiffs' claims against Singapore Airlines.

3. The district court did not err in holding that EVA Airways is an agent of Singapore Airlines, and thus protected by the jurisdictional and liability limitations of the Convention. Because the services performed by EVA on behalf of Singapore Airlines were "in furtherance of the contract of carriage of an international flight," *Dazo v. Globe Airport Sec. Servs.*, 295 F.3d 934, 939 (9th Cir.2002), the jurisdictional and liability limitations of the Convention extend to EVA, *see* Warsaw Convention, art. 25A(1).[2] Thus, the district court did not err in dismissing plaintiffs' claims against EVA.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) (the "Warsaw Convention" or the "Convention"). With respect to India and Malaysia, references herein to the Warsaw Convention include the Protocol to Amend the Warsaw Convention, Sept. 28, 1955, 478 U.N.T.S. 371 (the "Hague Protocol"). With respect to Indonesia, references to the Convention refer to the version of the Convention in effect prior to the Hague Protocol (the "unamended Warsaw Convention").

2. Article 25A of the Warsaw Convention is effective with respect to India and Malaysia through the Hague Protocol, but does not govern the Indonesian plaintiffs' claims. We note, however, that *Dazo* essentially reads the protections for agents found in Article 25A of the Hague Protocol into the unamended Warsaw Convention. *See Dazo*, 295 F.3d at 940 (discussing Article 25 of the unamended Warsaw Convention, rather than Articles 25 or 25A of the Convention as amended by the Hague Protocol, and apparently deriving its test for agency from the unamended Warsaw Convention).